# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melissa R. Bencak, | : | Civil Action |
| Plaintiff | : | No. |
| vs. | : | |
| Dental Recovery Solutions 360 LLC and Mark Eric Bailey, | : | |
| Defendants | : | |

## COMPLAINT

Melissa R. Bencak ("Plaintiff") hereby complains as follows against Dental Recovery Solutions 360 LLC and Mark Eric Bailey (collectively, "Defendants").

## Introduction

1. This is an action for damages under 26 U.S.C. § 7434 (civil damages for fraudulent filing of information returns), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL"), and for violations of Pennsylvania common law. Defendants withheld, but failed to remit, payroll taxes from Plaintiff's pay checks during the first quarter of 2019. As a result of Defendants' unlawful actions, Plaintiff has suffered harm.

## Jurisdiction and Venue

2. This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. §§ 1331, 1343. The supplemental jurisdiction of this Court is invoked with regard to Plaintiff's state law claims.

3. Venue is appropriate in the Eastern District of Pennsylvania because the events or omissions giving rise to Plaintiff's claims occurred therein and because Defendants are doing business and/or may be served with process therein.

1

## The Parties

4. Plaintiff is an adult individual and is a citizen and resident of the United States. Plaintiff resides in Landisville, Pennsylvania.

5. Dental Recovery Solutions 360 LLC ("DRS") is a Delaware corporation with its headquarters at 8285 W. Union Hills Drive, Suite 103, Glendale, AZ 85308.

6. DRS is an employer within the meaning of the WPCL.

7. According to its website, DRS "is the sole dental recovery dental practice solutions group capable of achieving the maximum recovery of a dental practice loss. We are not only an asset recovery firm or remarketer of assets; DRS-360 includes dentists who can (if needed) harness the practice and remarket it as well." *See* https://drs-360.com/dental-practice-loan-default-2 (accessed October 28, 2020).

8. At all relevant times, DRS employed approximately 5-20 employees.

9. Defendant Mark Eric Bailey ("Bailey") is an adult individual and is a citizen and resident of the United States. Bailey resides at 942 Highmeadow Court, Lancaster, PA 17601.

10. Bailey is a co-founder of DRS.

11. Bailey is the Managing Partner of DRS.

12. At all relevant times hereto, Bailey acted as an agent of and on behalf of DRS.

13. Bailey is an employer within the meaning of the WPCL because he is DRS's policy decision maker in all areas of business, including but not limited to, compensation of employees.

## Factual Background

14. From November 1, 2017 until April 15, 2019, Plaintiff was employed with DRS as DRS's Communications Director and worked out of her home in Landisville, Pennsylvania.

15. Prior to joining DRS, Bailey offered – and Plaintiff accepted – a salary of $1,000.00 per week, which DRS raised to $1,200.00 per week in February 2018.

16. Plaintiff's acceptance of Bailey's offer of employment formed an oral contract of employment with DRS (the "Employment Contract").

17. During Plaintiff's employment with DRS, DRS was often late issuing paychecks to Plaintiff.

18. In 2019, DRS paid ten (10) weeks of Plaintiff's net salary directly to Plaintiff's bank account.

19. DRS withheld payroll taxes from these ten (10) paychecks.

20. On April 15, 2019, Plaintiff's employment with DRS ended.

21. On May 1, 2019, Plaintiff emailed Bailey and requested that Defendants provide her with "a statement of withholding, deductions, etc. for the period of January 1, 2019 through April 12, 2019." A true and correct copy of Plaintiff's May 1, 2019 email to Bailey is attached as Exhibit P-1.

22. In February 2020, when Plaintiff obtained her W-2 for 2019, Plaintiff discovered that while DRS withheld fifteen (15) weeks of payroll taxes in 2019, DRS did not remit payroll taxes to the appropriate tax authorities for ten (10) weeks.

23. The payroll taxes for these ten (10) weeks are approximately $4,627.70 ($2,540.00 in Employee Taxes and $2,087.70 in Employer Taxes).

24. Plaintiff also discovered that DRS reported only five (5) weeks out of the fifteen (15) weeks that Plaintiff worked for DRS in 2019 on Plaintiff's IRS Form W-2.

25. On February 10, 2020, Plaintiff emailed Bailey and requested a corrected IRS Form W-2, but neither DRS nor Bailey provided a corrected IRS Form W-2. A true and correct copy of Plaintiff's February 10, 2020 email to Bailey is attached as Exhibit P-2.

26. DRS's filing of a false W-2 caused Plaintiff to have to file an IRS Form 4852 (Substitute for Form W-2) and incur expenses in the amount of $150.00.

27. In April 2020, Plaintiff applied for unemployment benefits.

28. Due to Defendants' failure to report Plaintiff's income for ten (10) weeks and remit payroll taxes for these ten (10) weeks in the first quarter of 2019, Plaintiff was financially ineligible to receive unemployment benefits.

29. Defendants' actions caused Plaintiff to lose approximately $6,210.00 in unemployment benefits.

30. On September 2, 2020, Plaintiff's counsel sent a letter to Defendants in an attempt to resolve this matter.

31. On September 8, 2020, Defendants signed a Settlement Agreement and Release and Waiver of Claims (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit P-3.

32. The Settlement Agreement requires Defendants to "file all necessary tax returns and documents with the federal, state, and local taxing authorities regarding [Plaintiff's] employment with DRS and Bailey and the payroll taxes that DRS and Bailey withheld, but did not remit to the federal, state, and local taxing authorities during [Plaintiff's] employment with DRS and Bailey" no later than November 2, 2020. *See* Exhibit P-3 at ¶ 1.

33. The Settlement Agreement also required Defendants to pay the following settlement amounts no later than October 2, 2020 (collectively, the "Settlement Payment"):

(a) $7,516.93 to Plaintiff, which represents Plaintiff's expense in filing the IRS Form 4852 ($150.00), the unemployment benefits that Plaintiff was unable to collect in 2020 ($6,210.00), and liquidated damages under the WPCL ($1,156.93).

(b) $1,455.00 to Plaintiff's counsel for attorney's fees and costs.

*See* Exhibit P-3 at ¶ 2.

34.     On September 21, 2020, Defendants requested a one week extension until October 9, 2020 to pay the Settlement Payment. Plaintiff consented to Defendants' request.

35.     Defendants did not pay the Settlement Payment by October 9, 2020.

36.     To date, Plaintiff has not received the Settlement Payment.

37.     Accordingly, the release contained in the Settlement Agreement is void.

38.     Upon information and belief, to date, Defendants have failed to remit the payroll taxes that DRS withheld from Plaintiff's paychecks in 2019.

## Count I
## 26 U.S.C. § 7434
## Plaintiff vs. Defendants DRS and Bailey

39.     Paragraphs 1 through 38 are incorporated herein by reference as if set forth at length.

40.     As averred above, in February 2020, when Plaintiff obtained her W-2 for 2019, Plaintiff discovered that while DRS withheld fifteen (15) weeks of payroll taxes in 2019, DRS did not remit payroll taxes to the appropriate tax authorities for ten (10) weeks.

41.     As averred above, the payroll taxes for these ten (10) weeks are approximately $4,627.70 ($2,540.00 in Employee Taxes and $2,087.70 in Employer Taxes).

42.     As averred above, Plaintiff also discovered that DRS reported only five (5) weeks out of the fifteen (15) weeks that Plaintiff worked for DRS in 2019 on Plaintiff's IRS Form W-2.

43.     Thus, the IRS Form W-2 that Defendants issued to Plaintiff is false.

44.     As averred above, on February 10, 2020, Plaintiff requested that Defendants provide a corrected IRS Form W-2, but neither DRS nor Bailey provided a corrected IRS Form W-2.

45.     As averred above, Defendants' filing of a false W-2 caused Plaintiff to have to file an IRS Form 4852 (Substitute for Form W-2) and incur expenses in the amount of $150.00.

5

46. Upon information and belief, Defendants willfully filed a false IRS Form W-2 with respect to payments made to Plaintiff during her employment with DRS in violation 29 U.S.C. § 7434(a).

WHEREFORE, Plaintiff seeks the following relief:

(1) Judgment against Defendants DRS and Bailey.

(2) The greater of $5,000.00 or the sum of

    (a) Actual damages sustained by Plaintiff;

    (b) Litigation costs; and

    (c) Attorney's fees.

(3) Pre-judgment interest.

(4) Such other relief as the Court shall deem proper.

### Count II
### Breach of Contract
### Plaintiff vs. Defendants DRS and Bailey

47. Paragraphs 1 through 46 are incorporated herein by reference as if set forth at length.

48. As averred above, in 2017, Plaintiff entered into the Employment Contract with DRS wherein DRS agreed to compensate Plaintiff with a base annual salary of $1,000.00 per week, which DRS raised to $1,200.00 per week in February 2018.

49. Every employment relationship requires that each party to the relationship owes a duty of good faith and fair dealing to the other one.

50. Plaintiff complied with the terms of the Employment Contract entered into with DRS.

51. As averred above, in 2019, DRS paid ten (10) weeks of Plaintiff's net salary directly to Plaintiff's bank account. DRS withheld payroll taxes from these paychecks.

52. As averred above, Plaintiff's employment with DRS ended on April 15, 2019.

53. As averred above, in February 2020, when Plaintiff obtained her W-2 for 2019, Plaintiff discovered that while DRS withheld fifteen (15) weeks of payroll taxes in 2019, DRS did not remit payroll taxes to the appropriate tax authorities for ten (10) weeks.

54. As averred above, the payroll taxes for these ten (10) weeks are approximately $4,627.70 ($2,540.00 in Employee Taxes and $2,087.70 in Employer Taxes).

55. As averred above, Plaintiff also discovered that DRS reported only five (5) weeks out of the fifteen (15) weeks that Plaintiff worked for DRS in 2019 on Plaintiff's IRS Form W-2.

56. Thus, DRS breached its duty of good faith and fair dealing owed to Plaintiff, which is a breach of the Employment Contract.

57. As a result of DRS's breach of contract, Plaintiff has suffered damages.

58. As averred above, Plaintiff and Defendants entered into the Settlement Agreement.

59. As averred above, the Settlement Agreement required Defendants to pay the Settlement Payment no later than October 2, 2020.

60. As averred above, on September 21, 2020, Defendants requested a one week extension until October 9, 2020 to pay the Settlement Payment, to which Plaintiff consented.

61. As averred above, Defendants did not pay the Settlement Payment by October 9, 2020.

62. To date, Plaintiff has not received the Settlement Payment.

63. As a result of Defendants' breach of contract, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks the following relief:

(1) Judgment against Defendants DRS and Bailey.

(2) Compensatory damages.

(3) Pre-judgment interest.

(4) Litigation costs including attorney's fees and expenses.

(5) Such other relief as the Court shall deem proper.

## Count III
## Pennsylvania Wage Payment and Collection Law
## Plaintiff vs. Defendants DRS and Bailey

64. Paragraphs 1 through 63 are incorporated herein by reference as if set forth at length.

65. As averred above, Plaintiff was an employee of DRS.

66. As averred above, DRS is an employer under the WPCL.

67. As averred above, Bailey is a policy decision maker for DRS in all areas of business, including but not limited to, compensation of employees.

68. Because of his policy-making role, Bailey is also an employer the WPCL. *See* 43 P.S. § 260.2(a).

69. As averred above, in 2019, DRS withheld monies from Plaintiff's paychecks, which DRS and Bailey represented were withheld federal, state, and local payroll taxes; however, DRS and Bailey did not remit the withheld taxes to the appropriate taxing authorities.

70. Bailey made the decision to not to remit Plaintiff's payroll taxes to the appropriate taxing authorities.

71. Plaintiff did not authorize Defendants to withhold payroll taxes, but not remit the payroll taxes to the appropriate taxing authorities. This constitutes an unauthorized wage deduction under the WPCL.

72. Upon information and belief, Defendants never sought or obtained the Pennsylvania Department of Labor and Industry's approval for their failure to remit payroll taxes.

73. Defendants took unauthorized wage deductions for their convenience and not for Plaintiff's convenience.

74. The WPCL requires employers to pay covered employees for every hour worked in a workweek and that they pay wages on regular paydays. *See* 43 P.S. § 260.3.

75. The WPCL prohibits pay deductions except for those explicitly permitted by law or regulation, none of which apply to this lawsuit. *See* 43 P.S. § 260.3, 32 Pa. Code § 9.1.

76. Payment of the unpaid wages is more than 60-days overdue.

77. Defendants do not have a good faith basis to defend, assert a counterclaim or set off against the wages due and owing to Plaintiff.

78. Defendants violated the WPCL by making unauthorized deductions from Plaintiff's pay.

79. In addition to the wages owed, Plaintiff is entitled to liquidated damages in the amount of 25% of the wages owed or $500.00, whichever is greater. *See* 43 P.S. § 260.10.

80. Plaintiff is also entitled to attorneys' fees and costs. *See* 43 P.S. § 260.90a(f).

81. Under the WPCL, Defendants are statutory employers for these purposes and as such, are jointly and separately liable for all wages owed to Plaintiff, for liquidated damages, and for Plaintiff's attorneys' fees and costs.

WHEREFORE, Plaintiff seeks the following relief:

(1) Judgment against Defendants DRS and Bailey.

(2) Compensatory damages.

(3) Liquidated damages.

(4) Pre-judgment interest.

(5) Litigation costs including attorney's fees and expenses.

(6) Such other relief as the Court shall deem proper.

### Count IV
### Conversion
### Plaintiff vs. Defendants DRS and Bailey

82. Paragraphs 1 through 81 are incorporated herein by reference as if set forth at length.

83. In the alternative, if Defendants deny that they have a contractual duty to remit withheld payroll taxes to Plaintiff, Defendants are liable to Plaintiff for conversion.

84. At all relevant times, Plaintiff had an immediate right to be paid all wages for work that she performed for DRS.

85. By not remitting the withheld payroll taxes, Defendants have converted money owed to Plaintiff in the form of taxes that DRS, as Plaintiff's employer, withheld from Plaintiff's paychecks, but did not remit on Plaintiff's behalf and for Plaintiff's benefit.

86. As a direct and proximate result of Defendants' conversion of monies belonging to Plaintiff, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks the following relief:

(1) Judgment against Defendants DRS and Bailey.

(2) Compensatory damages.

(3) Pre-judgment interest.

(4) Such other relief as the Court shall deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury to try all claims triable by jury.

Respectfully submitted,

Dated: October 28, 2020

_____
Stephanie J. Mensing
PA ID No. 89625
Mensing Law LLC
1635 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 586-3751; (215) 359-2741 fax
stephanie@mensinglaw.com

# Exhibit P-1

# Fwd: Statement of taxes/deductions



---------- Forwarded message ---------
From: **Misty Bencak** <mistybencak@gmail.com>
Date: Wed, May 1, 2019 at 8:55 PM
Subject: Statement of taxes/deductions
To: mark@drs-360.com <mark@drs-360.com>

Mr. Bailey,

Due to you not using a payroll provider after January 2019, I am requesting you please provide me with a statement of withholding, deductions, etc. for the period of January 1, 2019 through April 12, 2019.

Pennsylvania law requires employers to issue a statement with each wage payment showing deductions, withholding, etc.
See https://www.pacode.com/secure/data/034/chapter231/s231.36.html

Thank you for your attention to this matter.

Melissa Bencak

--

**Misty**

--

**Misty**

# Exhibit P-2

# Fwd: 2019 W2



---------- Forwarded message ---------
From: **Misty Bencak** <mistybencak@gmail.com>
Date: Mon, Feb 10, 2020 at 12:29 PM
Subject: 2019 W2
To: <mark@drs-360.com>
Cc: CRSMILES360 <mark@crsmiles360.com>

Mark,

I pulled my W2 from the Gusto website and immediately noticed that it is incorrect for my total gross amount from January 1, 2019 - April 15, 2019.
Of the 15 weeks of pay, only 5 were reported through Gusto (Gross amount $6,250). 10 pays were wire transferred into my bank account.
The total of those 10 weeks, gross, is $12,500. You also deducted the taxes from these deposits.
My entire earnings and taxes deducted need to be reported to the correct tax entities and I need to be provided with an amended W2.
Please report the proper information and provide the amended W2 by 2/17/2020.

Thank you,
Misty


--


**Misty**

# Exhibit P-3

# SETTLEMENT AGREEMENT AND RELEASE
## AND WAIVER OF CLAIMS

This Settlement Agreement and Release and Waiver of Claims ("Agreement") is entered into by and between Melissa R. Bencak ("Bencak") and Dental Recovery Solutions 360 LLC ("DRS") and Mark Eric Bailey ("Bailey").

WHEREAS, certain disputes have arisen between Bencak and DRS and Bailey concerning Bencak's claim for damages under 26 U.S.C. § 7434 (civil damages for fraudulent filing of information returns), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL"), and for violations of Pennsylvania common law, in connection with Bencak's employment with DRS and Bailey (the "Claims"); and

WHEREAS, the Parties desire to compromise, settle, and resolve any and all such issues without the risks, delays, and expenses resulting from future litigation of any kind.

NOW THEREFORE, intending to be legally bound, knowingly and voluntarily, and in consideration of the mutual covenants contained herein, it is hereby agreed as follows:

1. No later than November 2, 2020, DRS and Bailey will file all necessary tax returns and documents with the federal, state, and local taxing authorities regarding Bencak's employment with DRS and Bailey and the payroll taxes that DRS and Bailey withheld, but did not remit to the federal, state, and local taxing authorities during Bencak's employment with DRS and Bailey. Within three (3) business days of submission of the tax return filings, DRS and Bailey shall confirm, via a sworn statement from a Certified Public Accountant or a tax attorney and copies of all filings and payments, that all tax filings and payments have been submitted to the federal, state, and local taxing authorities. Within three (3) business days of receipt of acknowledgment from the federal, state, and local taxing authorities that the tax returns have been filed and the payments received, DRS and Bailey shall provide confirmation from the federal, state, and local taxing authorities that all returns have been filed and payments received. If any taxing authority notifies DRS and/or Bailey of any issue with the returns, documents, and/or remitted payroll taxes, DRS and Bailey shall notify Bencak with within three (3) business days of receipt of any notice.

2. No later than October 2, 2020, DRS and Bailey shall pay the following settlement amounts:

   (a) One check made payable to Melissa R. Bencak in the amount of Seven Thousand Five Hundred Sixteen Dollars and Ninety-Three Cents ($7,516.93), which represents Ms. Bencak's expense in filing the IRS Form 4852 ($150.00), the unemployment benefits that Ms. Bencak was unable to collect in 2020 ($6,210.00), and liquidated damages under the Pennsylvania Wage Payment and Collection Law damages ($1,156.93). This payment will be reported on an IRS Form 1099 as Box 3 "Other income." Ms. Bencak will provide an executed IRS Form W-9 in connection with the above payment.

   (b) One check made payable to Mensing Law LLC in the amount of One Thousand Four Hundred Fifty-Five Dollars and Zero Cents ($1,455.00), representing payment for all costs and attorney's fees. This payment will be reported on an IRS Form

1

1099 to Mensing Law LLC as Box 14 "Gross Proceeds paid to an attorney." Mensing Law LLC will provide an executed IRS Form W-9 in connection with the above payment.

The above payments shall be delivered to Mensing Law LLC, 1635 Market Street, Suite 1600; Philadelphia, PA 19103.

Any payment received or tendered after October 2, 2020 must include interest at the rate of 12 percent annum.

3. In exchange for the consideration outlined in paragraph one above and elsewhere in this Agreement, which Bencak admits constitutes good and valuable consideration to which Bencak is not already entitled, Bencak does hereby FOREVER RELEASE AND DISCHARGE DRS and Bailey, and any of their parents, subsidiaries, affiliates, benefit plans, successors, officers, directors, stockholders, insurers, agents, employees, representatives, predecessors in interest, successors in interest, outside counsel, attorneys or assignees and any other person or entity acting in its or their behalf, past, present or future, individually or in their corporate or personal capacity (collectively, "Releasees"), of any and all claims, causes of action, or liabilities of any nature whatsoever, which Bencak has or may have against any of them, whether known or unknown, arising out of or related to Bencak's employment by them, including but not limited to claims for employment discrimination or retaliation of any kind (including but not limited to claims under 42 U.S.C. § 1981, 42 U.S.C § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 12101, *et seq.*, the Americans with Disabilities Act, the Family & Medical Leave Act, the Pennsylvania Human Relations Act, and any similar federal, state, or local statutes, regulations, or ordinances, infliction of emotional distress, fraud or misrepresentation, defamation of character, personal injury, psychological injury, claims under the Employee Retirement Income Security Act, the Occupational Safety and Health Act and similar Pennsylvania and local laws, any claims for additional compensation or benefits, compensatory or consequential damages, liquidated or punitive damages, attorneys' fees, court costs, witness fees or costs, including but not limited to any claims which were raised or could have been raised in the Claims and/or under the Fair Labor Standards Act and/or the Pennsylvania Minimum Wage Act, and excluding only claims that the DRS and Bailey have breached this Agreement and for damages caused by such breach, or claims that are non-waivable as a matter of law.

4. Notwithstanding any other provision of this Agreement, Bencak does not waive: (1) claims that cannot be legally waived; (2) claims relating to the validity of this Agreement; and/or (3) claims by either party to enforce this Agreement.

5. By executing this Agreement, Bencak acknowledges that the payments set forth in Paragraph 2(b) above are the only payments to which Bencak's counsel is entitled from the Claims and covers and extinguishes all attorney's fees and costs in connection with counsel's representation of Bencak in the Claims.

6. By making this settlement, DRS and Bailey do not admit, either expressly or by implication, any violation of any law, regulation, or ordinance (whether federal, state, or local), or any validity to the claims made in the Claims.

7. Bencak waives any right to any recovery in law or in equity from any governmental agency or from any lawsuit against the Releasees relating to Bencak's claims against DRS and Bailey.

8. The Parties agree not to engage in any activity or make any statements intended to disparage, criticize, or reflect negatively on the other party. DRS and Bailey agree that, if Bencak should be required to provide reference information to a potential employer, DRS and Bailey will confirm Bencak's position held, dates of employment, and salary. Bencak understands she may need to authorize DRS and Bailey to release certain information.

9. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any photocopy or facsimile of the executed original(s) of this Agreement, or of any counterpart, shall be deemed to be an original for any and all purposes.

10. The foregoing constitutes the entire Agreement between the parties, and there are no written or oral understandings, promises, or agreements directly or indirectly related to this Agreement that are not incorporated herein in full. This Agreement may not be modified except in writing signed by the parties.

11. This Agreement shall be binding upon, and inure to, the benefit of the parties and their successors and assigns.

12. This Agreement shall be interpreted under the laws of the Commonwealth of Pennsylvania. Any action brought to enforce this Agreement shall be brought in a state or federal court located in Lancaster, Pennsylvania.

13. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement or seek damages for breach. In an action to enforce any term or terms of this Agreement or to seek damages for breach of this Agreement, the prevailing party in that action shall be entitled to recover reasonable attorney's fees and costs.

Dated: 9-9-2020 _/s/ Melissa R Bencak_
Melissa R. Bencak

Date: 9/8/2020 _/s/ Mark Eric Bailey, Man. Partner_
Dental Recovery Solutions 360 LLC
By: Mark Eric Bailey

Date: 9/8/2020 _/s/ Mark Eric Bailey_
Mark Eric Bailey

3